Norr, J.,
dissentient. This was a scire facias to renew a judgment. About seventeen years had elapsed between the judgment and the scire facias. The defendant pleaded solvit ad diem; and, as evidence from which presumption of payment might arise, in addition to the lapse of time, offered to prove the embarrassed circumstances of the plaintiff, the affluent circumstances of the defendant’s testator, his punctuality in paying his debts, &c. But this evidence was rejected by the presiding judge, on the ground that no presumption of payment ought to be left to the jury, within the period of twenty years. The plaintiff, of course, obtained a judgment ; and a motion is now made to set aside that judgment, and grant a new trial, on the ground that the judge misconceived the law, in rejecting the testimony offered.
It appears to me two distinct principles have been confounded, both in the decision on the circuit, and in the argument in this court, to wit: presumption of payment arising from lapse of time, and presumption of payment arising from other circumstances, which is only strengthened by lapse of time. It is an established rule of law in England, that a lapse of twenty years, without any other circumsiauce, affords sufficient presumption of payment to bar an action of debt on bond. 2 Sts. 826, 27. Seale v. Barrington, 1 Camb. 29. Colset, et al. v. Bud, et al., 1 Bay, 482. And the same rule applies to an action of debt on a judgment, on a scire facias. Peake, 24. Tidd’s Prac. 19. The reason why twenty years was the period fixed in England, was, probably, because in that time the principal and interest equal the penalty of the bond; and it is not to be presumed that a creditor will indulge a debtor longer than while he is receiving interest on his money ; hence it *479 is argued, and, I think, with some plausibility, that about fourteen years and a half ought, in this Stale, to afford a presumption of payment, because, according to our rate of interest, it equals the principal in that time. However, as the English rule has been adopted in our courts, and long acted upon in this State, I am not now disposed to introduce a new one. But the argument would seem to prove that it ought to be received here, with all the latitude which has been allowed to it there ; and cases have been submitted to the jury in England, upon a lapse of only sixteen,' eighteen, and nineteen years. See the cases above quoted.
A doubt has been suggested, whether the rule ought to apply to a judgment, because it is a debt of record. But when a debt is once admitted to have existed, circumstances going to establish a presumption of payment would appear to be equally strong, without regard to the nature of the debt. Indeed, as far as the reasons abovementioned are to be regarded, they apply more strongly to judgments than bonds, because they do not always carry interest. If twenty years have not elapsed, the payment of a bond may be proved precisely as the payment of any other debt. A receipt for the second year’s rent is presumptive evidence that the first was paid; giving a note of hand affords a presumption that all open accounts are settled. The pecuniary circumstances, and the relative situation of the parties, may afford presumption that a debt has been paid, and all these presumptions are fortified by lapse of time. The question does not now go to the effect to be produced by the testimony when admitted, but to the principle of admitting any circumstantial evidence, from whence payment may be presumed within twenty years. I think the evidence ought to have been admitted. Indeed, it is only within twenty years, that proof of any other circumstance is necessary ; beyond that period it is not required, and, in all cases, lapse of time strengthens the presumption arising from other circumstances. Five years under some circumstances would afford strong presumption of payment; ten years under the same circumstances would be stronger, and fifteen still stronger, and twenty years would be conclusive without any circumstance, until rebutted by evidence on the other side.— From the least contract a man can make up, to the highest crime he can commit, such evidence may be admitted ; thousands have been convicted of capital offences on presumptive evidence, and the extent of such evidence cannot be known until it is heard. In the present ease, a man straitened in his circumstances, to what extent is not known, because the evidence was not received, has re- *480 C0Yei'e^ a judgment against a man in affluent circumstances, prompi arid punctual in his payments ; after a lapse of seventeen years, arid when the debtor is in his grave, an attempt is made to renew this judgment against his executors; and these circumstances,-with a lapsé of seventeen years, are not.allowed to go to the jury as affording á presumption that the debt was paid. I cannot see upon what principle of law, the testimony was excluded. Presumptive evidence many times arises from a variety of circumstances, each of which taken alone would weigh nothing, but when taken together would be irresistible. If a court may in any case judge 'of the weight of evidence, before it is heard, I know not where it will stop ; I cannot see any rule by which it is to be governed. It may exclude all circumstantial evidence from the jury, who are the constitutional judges of the weight of evidence.
• By a reference to a few cases, we shall find that testimony of this sort is always admitted. In the case of the Executors of Brenton v. the Executors of Cannon, 1 Bay, 482, the court say, if no interest has been paid on a bond for twenty years, it shall be presumed to be satisfied ; “ but the war, and a variety of distresses occasioned by the revolution alters the situation of the country greatly, and therefore all these circumstances should have been permitted to have gone to the jury.” In the case of Williams v. George, 1 Camp. 217, the embarrassed circumstances of the defendant were given in evidence to rebut the presumption of payment. Upon the same principle, 1 should presume the embarrassed circumstances of the plaintiff, or the affluent circumstances of the defendant might be shown to raise a contrary presumption. In the Case of Washington, et al. v. Brymen, Peake on Evid. Ap. lxix., the relationship between the parties is made a ground'from which a release is presumed. In the case of Oswald v. Leigh, 1 T. R. 272, the defendant was permitted to show that he had an estate near the plaintiff, and was regular and constant in all his payments, as affording a presumption that a judgment against him was paid.
In many of the cases which I have enumerated, the testimony was unavailing, and so it might have been in this case. I give no opinion on that point; it is the principle I look to. Believing that the evidence ought to have been admitted ; that the time which had elapsed, though not of itself a bar to the plaintiff’s demand, added weight to the other circumstances; and that all ought to have been submitted to the jury, under the direction of the court, I am for granting a new trial.
CoiiCOCK, J., concurred;